ELIZA O. POWELL *vs.* W. C. JONES, JOHN BOWLES, SMITH H. POWELL and NICHOLAS JENKINS.

Where a *feme covert* filed a complaint against the purchasers of certain land, sold under execution as the property of her husband, and their bargainee, alleging that the land was bought with money arising from her separate property, and the deed was by inadvertence taken in the name of her husband; and the said purchasers and their bargainee averred in their answers that they purchased for value, and without notice of her equity, and such averments were not controverted; *Held* that she was not entitled to relief.

CIVIL ACTION, tried before *Mitchell, J.,* at Fall Term, 1871, of the Superior Court of CALDWELL.

The complaint alleged, that the plaintiff and the defendant, Powell, were married in 1838, and, before marriage, executed a contract, whereby such property as she then had, or might thereafter acquire, was secured to her separate use; that a few years after the marriage, her husband, as her agent, sold certain slaves that belonged to her, and with the money purchased a tract of land on which they made their home for eighteen years; that it was understood the deed was to be made to her, but by inadvertence it was made to him; that some time in the year 1869 the Sheriff sold the land, under executions against her husband, and they were dispossessed —the defendants, Jones and Bowles, being the purchasers, and having afterwards contracted to sell to the defendant, Jenkins; and that the defendants purchased with notice of her equity. She asked judgment, that the defendant Powell be declared trustee for her, and be required to convey to her, that the Sheriff's deed to Jones and Bowles be cancelled, and they adjudged to be trustees for her, and for damages for the detention of the land.

The answers of the defendants Jones, Bowles and Jenkins, denied most of the material allegations of the complaint, and stated that Jones and Bowles bought for value under execu-

tions issuing on judgments rendered in 1867 and 1869, without notice of any claims by the plaintiff, and that Jenkins had bought from them, paying value, and without notice of any equitable interest in the plaintiff.

Issues were formed upon the points raised in the pleadings, and the plaintiff and the defendant Powell were examined as witnesses. No evidence was offered tending to show that the other defendants had notice of the plaintiff's claim of an interest.

Under his Honor's directions, the jury returned a verdict against the plaintiff, and she appealed.

*Armfield, W. P. Caldwell* and *Dupre,* for the plaintiff.
*Folk,* for the defendants.

PEARSON, C. J. The equity set up by the plaintiff is met by the averment on the part of the defendant, Jenkins, "that he is a *bona fide* purchaser of the land for full value and without notice." This averment, not being "controverted," must be taken as true, and is a full defense to the action, upon the admitted doctrine, "where the equities are equal, the law prevails."

In our case the equity of the plaintiff is not equal to that of the defendant Jenkins ; for her equity is supported only by parol proof, tending to show that the defendant Powell, her husband, instead of taking a deed of trust for her separate use, by "inadvertence" (as he says) took a deed to himself absolute on its face, which enabled him to have credit as the ower of the land. This state of things continued for eighteen years, during all of which time her husband was recognized as the owner of the land. These facts made her equity. Supposing her to have had one secondary to the equity of the defendant Jenkins, who is a *bona fide* purchaser for full value without notice, (even if the equity of the plaintiff was equal to his, and was not subject to the drawback of fraud by allowing her husband to " sail under false colors," and incur debts upon the credit of his hav-

ing a deed for this land), her case fails.  For the rule is, " when the equities are equal, the law prevails."  Here the *defendant Jenkins* has the legal title, and having equal equity, the Court will not interfere.

As to the other defendants, the plaintiff has no cause of complaint, except against her husband, Smith H. Powell, for having, by "inadvertence, and contrary to his intention," procured a deed to be made to him, without a declaration of trust in her favor; but the complaint is not framed with reference to any relief against the husband of the plaintiff.

There is no error.

PER CURIAM.                              Judgment affirmed.